United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Daniel J. Lytwyn  
Angela M. Lytwyn  
     Debtors

Case No. 17-10728-ref  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: Keith     Page 1 of 1     Date Rcvd: Dec 29, 2017  
                        Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 31, 2017.  
db/jdb        +Daniel J. Lytwyn,   Angela M. Lytwyn,   1275 Vera Drive,   Easton, PA 18040-5828

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr         +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2017 00:44:40      Orion (VERIZON),     c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021  
                                                                                                                                                                                                   TOTAL: 1

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 31, 2017                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 29, 2017 at the address(es) listed below:  
         FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
         FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
         LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor   Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor   M&T Bank bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor   Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com  
         STEPHEN MCCOY OTTO    on behalf of Debtor Daniel J. Lytwyn steve@sottolaw.com, info@sottolaw.com, no_reply@ecf.inforuptcy.com  
         STEPHEN MCCOY OTTO    on behalf of Joint Debtor Angela M. Lytwyn steve@sottolaw.com, info@sottolaw.com,no_reply@ecf.inforuptcy.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                                                                                                                                                    TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daniel J. Lytwyn<br>Angela M. Lytwyn<br>           Debtors | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>           Movant<br>vs. | NO. 17-10728 REF |
| Daniel J. Lytwyn<br>Angela M. Lytwyn<br>           Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>           Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$11,511.25** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 1, 2017 to November 1, 2017 at $2,096.05/month<br>December 1, 2017 at $2,128.18/month |
| Suspense Balance: | ($1,363.14) |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,180.24** |

2. The Debtors shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$10,180.24.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$10,180.24** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $$2,128.18 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

    4.    Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

    5.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

    6.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

    7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    December 21, 2017    By: */s/ Rebecca A. Solarz, Esquire*
    Rebecca A. Solarz, Esquire
    Attorney for Movant/Creditor
    KML Law Group, P.C.
    701 Market Street, Suite 5000
    Philadelphia, PA 19106-1532
    (215) 627-1322 F (215) 627-7734

Date:_____
    Stephen M. Otto, Esquire
    Attorney for Debtors

Date:  12/27/17
    Frederick L. Reigle

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

**Date: December 29, 2017**

_____
Bankruptcy Judge
Richard E. Fehling